Justice GORSUCH, dissenting.
We took this case to decide whether Wisconsin drivers impliedly consent to blood alcohol tests thanks to a state statute. That law says that anyone driving in Wisconsin agrees-by the very act of driving-to testing under certain circumstances. But the Court today declines to answer the question presented. Instead, it upholds Wisconsin's law on an entirely different ground-citing the exigent circumstances doctrine. While I do not doubt that the Court may affirm for any reason supported by the record, the application of the exigent circumstances doctrine in this area poses complex and difficult questions that neither the parties nor the courts below discussed. Rather than proceeding solely by self-direction, I would have dismissed this case as improvidently granted and waited for a case presenting the exigent circumstances question.